FILED

DEC 3 0 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRO DI GIOVANNI, BRIAND OAKS,
DONALD WALLACE, Jr., CHADWICK
WALLACE, SEAN CUFFE, MELISSA KERRY,
HENRY KIBIT, III, and JONATHAN WEIR,

        Plaintiffs,

                              CV 09-314-PK

                              OPINION AND
v.                            ORDER

ALU, INC., and PAUL WAGNER,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiffs Sandro Di Giovanni, Briand Oaks, Chadwick Wallace, and Donald Wallace, Jr.,

acting on behalf of themselves and others similarly situated, filed this collective Fair Labor

Standards Act and Oregon wage and hour action against defendants Alu, Inc., and Paul Wagner

on March 24, 2009. Plaintiffs amended their complaint on April 27, 2009, adding as named

Page 1 - OPINION AND ORDER

plaintiffs Sean Cuffe, Melissa Kerry, and Henry Kibit, III. On August 24, 2009, plaintiffs

amended their complaint a second time, adding Jonathan Weir as an additional named plaintiff.

In their second amended complaint, the named plaintiffs allege that they are representative of two

collectives, each made up of former employees of defendant Alu (a corporation owned and

operated by defendant Wagner). One such collective is allegedly comprised of Alu employees

who were not paid at the applicable federal minimum wage rate, and the other of Alu employees

who allegedly did not receive all overtime wages that they were due. Plaintiffs allege a federal

minimum wage claim under the FLSA, a federal overtime pay claim under the FLSA, an Oregon

minimum wage claim under O.R.S. 625.025, an Oregon overtime pay claim under O.R.S.

653.261, an Oregon late payment of final wages claim under O.R.S. 652.140, an Oregon unpaid

wages claim under O.R.S. 652.120, and an Oregon improper deductions claim under O.R.S.

652.610. This court has federal question and supplemental jurisdiction over plaintiffs' action

pursuant to 28 U.S.C. §§ 1331 and 1367.

Now before the court are defendants' counsel's motion (#25) to withdraw as defendants'

counsel of record, plaintiffs' motion (#26) to compel, and plaintiffs' motion (#30) for default

judgment. I have considered the motions, oral argument on behalf of the parties, and all of the

pleadings on file. For the following reasons, the motion to withdraw as counsel of record is

granted, the motion to compel is granted in part and denied in part as set forth below, and the

motion for default judgment is denied with leave to re-file as set forth below.

## LEGAL STANDARDS

### I.    Motion for Leave to Withdraw as Counsel of Record

In deciding a motion to withdraw as counsel of record, the courts of this district consider

the following factors: "1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Muhlheim Boyd, LLP v. Miller (In re Ryan)*, Case No. 08-6250-HO, 2008 U.S. Dist. LEXIS 88566, *8-9 (D. Or. October 31, 2008), *quoting Irwin v. Mascott*, Case No. No. C 97-4737 JL, 2004 U.S. Dist. LEXIS 28264, *4 (N.D. Cal. December 1, 2004).

## II.    Motion to Compel

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if:

> (i) a deponent fails to answer a question asked under Rules 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33, or
>
> (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## III.    Motion for Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Whether to grant a

judgment by default is within the discretion of the district court. *See Draper v. Coombs*, 792

F.2d 915, 924 (9th Cir. 1986). Factors which may be considered by the district court in

exercising its discretion to enter default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action, (5) the possibility of a dispute concerning material facts, (6)
> whether the default was due to excusable neglect, and (7) the strong policy
> underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Default judgments are ordinarily

disfavored. *See id.* at 1472.

## ANALYSIS

### I.    Motion for Leave to Withdraw as Counsel of Record

Defendants' counsel moves for leave to withdraw as defendants' counsel of record, for

reasons that have been disclosed to the court by *ex parte* affidavit. Counsel's grounds for

withdrawal have not been made public or disclosed to the plaintiffs in this action.

The Oregon Rules of Professional Conduct permit Oregon lawyers to withdraw from

representing a client under specified circumstances only:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a
> client if:
>
>> (1) withdrawal can be accomplished without material adverse effect on the
>> interests of the client;
>>
>> (2) the client persists in a course of action involving the lawyer's services
>> that the lawyer reasonably believes is criminal or fraudulent;
>>
>> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>>
>> (4) the client insists upon taking action that the lawyer considers repugnant
>> or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Or. R. Prof. Conduct 1.16. The grounds offered by defendants' counsel for withdrawing as defendants' counsel of record fall within the scope of Section 1.16, and constitute good cause for withdrawal.

Defendants are aware that, although defendant Wagner may appear before this court *pro se*, defendant Alu may appear only through a lawyer representative, and may neither appear *pro se* or be represented by Wagner. Defendants nevertheless consent to the withdrawal of their counsel.

In order to minimize any potential prejudice to plaintiffs, impairment of the speedy administration of justice, or delay in the resolution of these proceedings, defendants shall locate replacement counsel and, as discussed below, answer plaintiffs' third amended complaint, within thirty days of the date hereof.

## II.    Motion to Compel

Plaintiffs served defendants with requests for production, requests for admissions, and interrogatories on August 16, 2009. On September 15, 2009, defendants responded to plaintiffs' discovery requests, but never subsequently produced documents responsive to any of the requests

for production. In addition, defendants' response to plaintiffs' interrogatories was not signed by

defendants, but rather was signed only by defendants' counsel, and several of defendants'

responses to plaintiffs' requests for admission are provided on behalf of defendant Alu only, and

not on behalf of defendant Wagner.

### A.    Requests for Production Nos. 1, 5, 6, and 14

In their response to plaintiffs' requests for production, defendants agreed (*inter alia*) to

produce documents responsive to Requests for Production Nos. 1, 5, 6, and 14, but have not done

so. Those requests, and defendants responses thereto, are as follows:

> **Request for Production No.1:**  Any and all documents, including e-mails or
> recordings, relating to or describing communications between any Plaintiff and
> any Defendant.
> **Response:**  Defendants will produce non-privileged documents to the extent they
> exist, and are in Defendants' possession, custody, or control.

> \* \* \*

> **Request for Production No.5:**  Any and all documents relating to any
> communications, discussions, negotiations, or correspondence between any
> Plaintiff and any Defendant or any representative of any Defendant regarding
> the terms and conditions of any Plaintiff's employment, including
> compensation.
> **Response:**  Defendants will produce non-privileged documents to the extent they
> exist, and are in Defendants' possession, custody, and/or control.

> \* \* \*

> **Request for Production No.6:**  Any and all documents relating to any Plaintiff's
> separation from employment with Defendants.
> **Response:**  Defendants will produce non-privileged documents to the extent they
> exist, and are in Defendants' possession, custody, and/or control.

> **Request for Production No. 14:**  Any and all articles or restated articles of
> incorporation and all amendments to them; bylaws or restated bylaws and all
> amendments to them; resolutions adopted by your board of directors creating
> one or more classes or series of shares and fixing their relative rights,

preferences and limitations, if shares issued pursuant to those resolutions are
outstanding; minutes of all shareholders' meetings and records of all actions
taken by shareholders without a meeting, for the past three years; all written
communications to shareholders generally within the past three years; a list of
the names and business addresses of your current directors and officers; and
your most recent annual report delivered to the Secretary of State under ORS
60.787.

**Response:** Defendants will produce non-privileged documents to the extent they
exist, and are in Defendants' possession, custody, and/or control.

Because defendants have not objected to production of these documents, and the time for

production is past, defendants are ordered to produce documents responsive to Requests for

Production Nos. 1, 5, 6, and 14 within thirty days of the date hereof.

### B.    Interrogatories Nos. 6, 7, and 9

In their response to plaintiffs' interrogatories, defendants responded to Interrogatories

Nos. 6, 7, and 9 by reference to "documents provided pursuant to Plaintiffs' First Request for

Production." However, as noted above, defendants have not yet produced any documents

responsive to plaintiffs' requests for production. The interrogatories in question, and defendants'

responses thereto, are as follows:

**Interrogatory No. 6:** Please identify each amount of money you have ever paid
to any Plaintiff and the basis for calculating that amount.

**Response:** Defendant Alu objects to Interrogatory number 6 to the extent that this
interrogatory is a compound question and is disguised as multiple interrogatories
and as such will treat each question as a separate interrogatory and answer
appropriately:

**Request No. 13 (6a).** Identify each amount of money you have ever paid to any
Plaintiff

**Response No. 13 (6a):** All amounts are included on documents provided
pursuant to Plaintiff's First Request for Production.

**Request No. 14 (6b).** Identify basis for calculating that amount.

**Response No. 14 (6b):** All amounts are included on documents provided
pursuant to Plaintiff's First Request for Production.

**Interrogatory No. 7:** Please identify the hours worked by each Plaintiff during

each and every shift worked for you, and the basis for calculating that amount.

**Response:**  Defendant Alu objects to Interrogatory number 7 to the extent that this interrogatory is a compound question and is disguised as multiple interrogatories and as such will treat each question as a separate interrogatory and answer appropriately:

**Request No. 15 (7a).**  Identify the hours worked by each Plaintiff during each and every shift worked for you.

**Response No. 15 (7a):**  All amounts are included on documents provided pursuant to Plaintiff's First Request for Production.

**Request No. 16 (7b).**  Identify basis for calculating the hours worked.

**Response No. 16 (7b):**  All amounts are included on documents provided pursuant to Plaintiff's First Request for Production.

\* \* \*

**Interrogatory No. 9:**  Please identify all current and former employees who were employed by you at Alu.

**Response No. 18 (9):**  Defendant further object [*sic*] to this Interrogatory on the grounds that it is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendant produced all information requested in documents provided pursuant to Plaintiff's First Request for Production.

Because defendants have neither timely objected to these interrogatories nor responded to them meaningfully, each defendant is ordered to provide appropriate responses to plaintiffs' Interrogatories Nos. 6, 7, and 9, within thirty days of the date hereof.  Each defendant's response shall be signed by the defendant or, in the case of defendant Alu, by its corporate officer of record.

### C.    Interrogatories Nos. 2, 3, 8, 10-13, and 16-18

In their response to plaintiffs' interrogatories, defendants responded to Interrogatories Nos. 2, 3, 8, 10, 11, 12, 13, 16, 17, and 18 with responses that, plaintiffs argue, were either incomplete or otherwise failed to meet the substance of the interrogatories propounded.  Those interrogatories, and defendants' responses thereto, are as follows.

**Interrogatory No. 2:**  Please state with specificity all relief that any Defendant seeks in this action, including the total sum of money damages any Defendant seeks to recover, and itemize the amount of money damages claimed to be owed by specific category of relief.  For any economic damages sought, identify the basis for the calculation of such damages.

**Response No. 2:**  Defendant Alu objects to Interrogatory number 2 to the extent that the information required is an issue for the pleadings in this case and will be revealed in such a manner.  The following are basis [*sic*] in which Defendant will seek damages from Plaintiffs:

(1) Stolen Merchandise;

(2) Cash Advances never repaid;

(3) Unauthorized distribution/conversion;

(4) Interference with economic relationships; and

(5) Defamation.

**Interrogatory No. 3:**  Please identify each individual likely to have discoverable information along with the subjects of that information that you believe that person may possess.

**Response No. 3:**  In addition to and without waiving the foregoing objections, Defendant Alu objects to this interrogatory on the grounds that the terms and phrases are vague, ambiguous and fail to identify the documents or information sought with reasonable particularity.  Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant Alu objects to the extent that this interrogatory seeks contact information for the persons identified below as such a request impinges on the privacy of third parties.  Subject to and without waiving these objections, Defendant responds as follows:

Bernice Vaughns
Alison Webber
Keith Schraeder
Anthony King
Kerri Luce

\* \* \*

**Interrogatory No. 8:**  Please identify any and all instances, if any, in which you allege that any Plaintiff willfully violated their employment contract.

**Response No. 17 (8):**  Plaintiff Sandro Di Giovanni came to work intoxicated and was required to leave the premises, consistent drinking and drug use on the premises, theft of inventory, unauthorized cash advances, improper use of company credit card.

\* \* \*

**Interrogatory No. 10:**  Please provide a step-by-step description of the process whereby your employees' hours worked were entered, tracked and/or printed (including, *e.g.*, the manner and medium of recording, the times when such information is entered, how such information is tracked, the software used to do so, and whether and how that information is transferred to a pay stub).

**Response:**  Defendant objects to Interrogatory number 10 to the extent that this interrogatory is a compound question and is disguised as multiple interrogatories and as such will treat each question as a separate interrogatory and answer appropriately:

**Request No. 19 (10a).**  Please provide a step-by-step description of the process whereby your employees' hours worked were entered.

**Response No. 19 (10a):**  This process was handled by Plaintiff Sandro Di Giovanni and he has most information.

**Request No. 20 (10b).**  Please provide a description of the manner and medium of recording employees' hours worked.

**Response No. 20 (10b):**  Adelo software system

**Request No. 21 (10c).**  Please provide a description of times when such information is entered.

**Response No. 21 (10c):**  Defendant Alu objects to this Interrogatory on the grounds that the following terms and phrases are vague, ambiguous and confusing.

**Request No. 22 (10d).**  Please provide a description of how information regarding employee hours is tracked.

**Response No. 22 (10d):**  Adelo software system

**Request No. 23 (10e).**  Please provide the name of the software used for tracking employees' hours worked.

**Response No. 23 (10e):**  Adelo software system

**Request No. 24 (10f).**  Please provide information on how employee hours information is transferred to a pay stub

**Response No. 24 (10f):**  In addition to and without waiving the foregoing objections, Defendant Alu objects to this Interrogatory on the grounds that the request is vague and ambiguous.  Without waiving the foregoing objections, Defendant supplies the following information: Alu's General Manager, Plaintiff Sandro Di Giovanni took care of this.

**Interrogatory No. 11:**  Please provide a step-by-step description of the process whereby payments to your employees are made, entered, tracked and/or printed (including, e.g., the manner and medium of payment, the manner and medium of recording, the times when such information is entered, how such information is tracked, the software used to do so, and whether and how that information is transferred to a pay stub).

Page 10 - OPINION AND ORDER

**Response:** Defendant Alu objects to Interrogatory number 11 to the extent that this interrogatory is a compound question and is disguised as multiple interrogatories and as such will treat each question as a separate interrogatory and answer appropriately:

**Request No. 25 (11a).** Please provide a step-by-step description of the process whereby payments to your employees are made.

**Response No. 25 (11a):** This process was handled by Plaintiff Sandro Di Giovanni and he has most information.

**Request No. 26 (11b).** Please describe the manner and medium of recording such information.

**Response No. 26 (11b):** Adelo software system.

**Request No. 27 (11c).** Please describe the times when such information is entered.

**Response No. 27 (11c):** In addition to and without waiving the foregoing objections, Defendant Alu objects to this Interrogatory on the grounds that the following terms and phrases are vague, ambiguous and confusing.

**Request No. 28 (11d).** Please describe how this information is tracked.

**Response No. 28 (11d):** Adelo software system.

**Request No. 29 (11e).** Describe the software used to track the information.

**Response No. 29 (11e):** Adelo software system.

**Request No. 30 (11f).** Describe how the information is transferred to pay stubs.

**Response No. 30 (11f):** In addition to and without waiving the foregoing objections, Defendant Alu objects to this Interrogatory on the grounds that the request is vague and ambiguous. Without waiving the foregoing objections, Defendant supplies the following information: Alu's General Manager, Plaintiff Sandro Di Giovanni took care of this.

**Interrogatory No. 12:** Please identify any and all instances, if any, in which you allege that any Plaintiff reported hours worked that were not their true hours worked.

**Response No. 31 (12):** All information sought is held by GM Plaintiff Di Giovanni and will be discovered during pendency of this action.

**Interrogatory No. 13:** Please identify each Plaintiff's duties during the course of their work for you, and identify and attach all written job descriptions for any of these jobs.

**Response No. 13:** Defendant Alu objects to Interrogatory number 13 to the extent that this interrogatory is a compound question and is disguised as multiple interrogatories and as such will treat each question as a separate interrogatory and answer appropriately:

**Request No. 32 (13a):** Please identify each Plaintiff's duties during the course of their work for you.

**Response No. 32 (13a):** Sandro Di Giovanni – General Manager: ordering

inventory, record keeping, payroll, hiring, firing, chef, wine ordering,
scheduling, POS system programming and maintenance.
Sean Cuffe – Line cook/busser
Melissa – Food prep/busser
Henry – Cook
Chadwick – Bar manager – ordering liquor, tending bar.
Donald – Bartender

\* \* \*

**Interrogatory No. 16:**  Please identify any and all instances in which you allege
that any Plaintiff received any amount of money by way of overpayment.
**Response No. 35 (16):**  Payroll records provided in discovery reveal overpayment
to Plaintiffs, including $500 to Plaintiff Di Giovanni in December 2009.

**Interrogatory No. 17:**  For each employee who worked pursuant to a written
agreement, please attach a true and accurate copy; for each employee who
worked pursuant to an oral agreement, please set forth the exact terms and
conditions of the contract.
**Response No. 36 (17):**  No employment agreements exist.  All information sought
is held by General Manager Plaintiff Di Giovanni and will be discovered during
pendency of this action.

**Interrogatory No. 18:**  Please identify your document retention policy (including,
*e.g.*, how long paper documents are kept, how long electronic documents are
kept, and how such records are purged (if at all)).
**Response:**  Defendant Alu objects to Interrogatory number 18 to the extent that
this interrogatory is a compound question and is disguised as multiple
interrogatories and as such will treat each question as a separate interrogatory
and answer appropriately:
**Request No. 37 (18a):**  Identify your document retention policy
**Response:**  All policies handled by Plaintiff Di Giovanni.

With respect to Interrogatory No. 2, defendants' response fails to provide any statement of the

relief sought or any statement of the amount of money damages sought.  Each defendant is

therefore ordered to provide a complete, non-evasive response to Interrogatory No. 2 within 30

days of the date hereof.

With respect to Interrogatory No. 3, defendants' response fails to provide any statement of

the subject matter of each listed person's discoverable information. Each defendant is therefore ordered to provide a complete, non-evasive response to Interrogatory No. 3 within 30 days of the date hereof.

With respect to Interrogatory No. 8, defendants' response purports to respond to the interrogatory fully and without evasion. Plaintiffs' motion to compel is therefore denied as to interrogatory No. 8. Plaintiffs are entitled to infer from defendants' response that defendants are not aware of any instance in which any plaintiff other than Di Giovanni violated an employment contract.

With respect to Interrogatories 10-12 and 17-18, defendants' responses are vague, incomplete, and/or evasive. Moreover, defendants' assertions that Di Giovanni "handled" matters within the scope of the interrogatories or "has most information" regarding the interrogatories do not constitute valid grounds fro refusing to respond. Each defendant is therefore ordered to provide a complete, non-evasive response to each of Interrogatory Nos. 10-12 and 17-18 within 30 days of the date hereof.

With respect to Interrogatory No. 13, defendants' response fails to provide any information regarding the job duties of plaintiffs Briand Oaks and Jonathan Weir, and fails to describe any listed job duties beyond a bare job title for any plaintiff other than Di Giovanni. Each defendant is therefore ordered to provide a complete, non-evasive response to Interrogatory No. 13 within 30 days of the date hereof.

With respect to Interrogatory No. 16, defendants' response fails to specify where in the payroll records the subject overpayments may be found. Moreover, the response suggests that additional instances of overpayment exist beyond the one described, but fails to identify those

instances as required by the interrogatory. Each defendant is therefore ordered to provide a complete, non-evasive response to Interrogatory No. 16 within 30 days of the date hereof.

Each defendant's interrogatory responses shall be signed by the defendant or, in the case of defendant Alu, by its corporate officer of record.

### D.    Requests for Production Nos. 2-4, 7-8 and 15-17, and Interrogatory No. 19

Plaintiffs argue that defendants' responses to Requests for Production Nos. 2-4 and 15-17, and to Interrogatory No. 19, constitute improper objections. Plaintiffs argue that they are entitled to full responses to each of these discovery requests. The requests, and defendants' responses thereto, are as follows:

> **Request for Production No. 2:** Any and all documents, including e-mails, that concern, refer or relate to any person having information or knowledge relating to the allegations in Plaintiffs' Complaint or that pertain to the information or knowledge possessed relating to the allegations in Plaintiffs' Complaint.
> **Response:** This request is in the nature of an improper interrogatory. Defendants further object to this request as vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it calls for documents protected by attorney-client privilege and the work-product doctrine.

> **Request for Production No. 3:** Any and all documents that concern, refer or relate to any statement from any person referenced in Request No.2 relating to the allegations in Plaintiffs' Complaint.
> **Response:** Defendants object to this request as it is vague, overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

> **Request for Production No. 4:** Any and all documents that concern, refer or relate to any legal proceeding (other than the current proceeding) or threatened legal proceeding to which any Defendant has been a party or a witness including, without limitation, all documents relating to any lawsuits that have been filed or threatened by or against them.
> **Response:** Defendants object to this request as it is not reasonably calculated to

lead to the discovery of admissible evidence and to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

\* \* \*

**Request for Production No. 7:**  Any and all documents relating to any complaint, charge or proceeding against any Defendant or any shareholder, officer or director of any Defendant, by or with any federal, state, municipal or other regulatory body, agency or governmental entity.
**Response:**  Defendants object to this request as it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

**Request for Production No. 8:**  Any and all documents reflecting any criminal activities of any Defendant or any of its officers or shareholders, including without limitation, arrests, convictions, guilty pleas and no contest pleas as well as documents reflecting the reasons for any arrest, the dates of arrests, the locations of the arrests, dates of any convictions or pleas, the courts where the crimes were prosecuted and the sentences and/or fines imposed.
**Response:**  Defendants object to this request as it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

\* \* \*

**Request for Production No. 15:**  Any and all appraisals ever done or other documents showing or indicating the market value of Alu or any of its assets at any time since its inception.
**Response:**  Defendants object to this request as it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

**Request for Production No. 16:**  Any and all documents related to the sale of Alu.
**Response:**  Defendants object to this request as it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

**Request for Production No. 17:** Any and all communications between you and any CPA, tax preparer, accountant, bookkeeper, payroll company, or any other person or persons who maintained or assisted in the maintenance of your books and accounts.

**Response:** Defendants object to this request as it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for documents protected by attorney client privilege, the work product doctrine, and/or expert discovery.

* * *

**Interrogatory No. 19:** If your response to any of the Requests for Admission served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you rely to support your denial.

**Response No. 41 (19):** Defendant objects in that this is not a proper interrogatory but proper for the Request for Admission only.

Defendants' objections to the foregoing discovery requests are not well taken. Defendants are therefore ordered to produce documents responsive to Requests for Production Nos. 2-4, 7-8 and 15-17, and to provide a complete, non-evasive response to Interrogatory No. 19, within thirty days of the date hereof. In addition, defendants are ordered to produce a privilege log describing any documents withheld from production on the basis of any privilege, including a description of the contents of any such document, the date on which it was created, the identity of its author, the privilege pursuant to which it is withheld from production, and defendants' basis for asserting such privilege. Each defendant's response to Interrogatory No. 19 shall be signed by the defendant or, in the case of defendant Alu, by its corporate officer of record.

**E.    Requests for Admission Nos. 11, 26-28**

The responses to Requests for Admission Nos. 11 and 26-28 purport to be on behalf of defendant Alu only, and not on behalf of defendant Wagner. Wagner is therefore ordered to

provide responses to Requests for Admission Nos. 11, 26, 27, and 28 within thirty days of the date hereof.

## III.    Motion for Default Judgment

Plaintiffs filed and served a third amended complaint on November 7, 2009. Pursuant to Federal Civil Procedure Rules 15(a)(3), 6(e), and 5(b)(2)(E), defendants' responsive pleading was due November 24, 2009. Defendants have, as yet, filed no answer to the third amended complaint, although they have filed answers to each of plaintiffs' previous pleadings.

Whether to grant a default judgment is wholly discretionary. Factors mitigating in favor of entering default in plaintiffs' favor include the sufficiency of plaintiffs' complaint to advise defendants of the nature of the claims against them, the sum of money at stake in the action, and the unlikelihood that defendants' failure to answer was due to excusable neglect. Mitigating against entering a default are the high probability that this action will present disputes of material fact and the strong policy in favor of decisions on the merits. At this time it is difficult to judge the merits of plaintiffs' claims, and if defendants' failure to answer can be rectified in short order, the possibility of prejudice to plaintiffs is minor, so those factors are effectively a wash.

The factors weighing in favor of entering a default judgment at this time are insufficient to outweigh the  policy in favor of decisions on the merits. Plaintiffs' motion for default judgment is therefore denied. Plaintiffs shall be permitted to re-file their motion in the event defendants have not answered the third amended complaint within thirty days of the date hereof.

## CONCLUSION

For the reasons set forth above, the motion (#25) to withdraw is granted, plaintiffs' motion (#26) to compel is granted in part and denied in part, as set forth above, and plaintiffs' motion

Page 17 - OPINION AND ORDER

(#30) for default judgment is denied with leave to re-file in the event either defendant has not

answered the third amended complaint within thirty days of the date hereof.


Dated this 29th day of December, 2009.

Honorable Paul Papak
United States Magistrate Judge

Page 18 - OPINION AND ORDER