FILED

JUL 2 8 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SANDRO DI GIOVANNI, BRIAND OAKS,
DONALD WALLACE, Jr., CHADWICK
WALLACE, SEAN CUFFE, MELISSA KERRY,
HENRY KIBIT, III, and JONATHAN WEIR,

       Plaintiffs,

                                    CV 09-314-PK

                                    FINDINGS AND
v.                                 RECOMMENDATION

ALU, INC., and PAUL WAGNER,

       Defendants.

PAPAK, Magistrate Judge:

       Plaintiffs Sandro Di Giovanni, Briand Oaks, Chadwick Wallace, and Donald Wallace, Jr.,

acting on behalf of themselves and others similarly situated, filed this collective Fair Labor

Standards Act and Oregon wage and hour action against defendants Alu, Inc., and Paul Wagner

on March 24, 2009. Plaintiffs amended their complaint on April 27, 2009, adding as named

plaintiffs Sean Cuffe, Melissa Kerry, and Henry Kibit, III. On August 24, 2009, plaintiffs

Page 1 - FINDINGS AND RECOMMENDATION

amended their complaint a second time, adding Jonathan Weir as an additional named plaintiff.

Plaintiffs amended their complaint a third time on November 7, 2009.  In their third amended

complaint, plaintiffs alleged a federal minimum wage claim under the FLSA, a federal overtime

pay claim under the FLSA, an Oregon minimum wage claim under O.R.S. 625.025, an Oregon

overtime pay claim under O.R.S. 653.261, an Oregon late payment of final wages claim under

O.R.S. 652.140, an Oregon unpaid wages claim under O.R.S. 652.120, and an Oregon improper

deductions claim under O.R.S. 652.610.

On February 9, 2010, neither defendant having answered plaintiffs' third amended

complaint, I granted plaintiffs' motion for entry of default against both defendants, and directed

the plaintiffs to submit a motion for default judgment for review by an Article III judge.  On

March 15, 2010, Judge Mosman entered default judgment against both defendants.

Now before the court are plaintiffs' unopposed motion (#51) for attorney fees and

plaintiffs' bill of costs (#53).  I have considered the motions, plaintiffs' brief, and all of the

evidence in the record.  For the reasons set forth below, plaintiffs' motion for attorney fees should

be granted in part, and plaintiffs should be awarded attorney fees and costs in the total amount of

$56,714.13.

## BACKGROUND

According to the allegations contained within plaintiffs' third amended complaint,

defendant Alu was at all material times an Oregon corporation doing business in Oregon as Alu

Wine Bar and Lounge, and defendant Wagner was at all material times Alu's President,

Secretary, and registered agent, as well as serving as the wine bar's operator and manager.

Plaintiffs alleged that some time after Alu opened its doors in early 2008, Alu stopped using a

third-party payroll administrator to handle its payroll, and instead began cutting payroll checks itself. At that time, plaintiffs alleged, Alu began deducting a flat 20% from all employees' paychecks, purportedly for tax purposes, but without ever remitting the withheld monies to the government. In addition, plaintiffs alleged, Alu programmed its timekeeping system to fail to record any time spent by any employee in excess of 40 hours per week. Plaintiffs alleged that when Alu closed its doors in March 2009, it failed to make final payment of wages to its employees.

## DISCUSSION

**I    Plaintiffs' Entitlement to Award of Attorney Fees**

Plaintiffs' entitlement to award of attorney fees is not in dispute. Both the Fair Labor Standards Act and Oregon law provide for mandatory award of attorney fees to prevailing plaintiffs in wage disputes. *See* 29 U.S.C. § 216(b); O.R.S. 652.200. Here, it is clear that plaintiffs prevailed as to all of their wage claims, and are therefore entitled to award of their reasonably incurred attorney fees. Plaintiffs' counsel has certified to the court that defendant Wagner has "indicated that he would not oppose" plaintiffs' motion for attorney fees.

**II    The Lodestar**

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986). Plaintiffs relied on the services of attorney Jon M. Egan and legal assistant Michèle Lauzier in litigating this action. In connection with litigating the merits of this case, plaintiffs request compensation for 198.1 hours of Egan's time at a rate of $325 per hour, or $64,382.50, and 14.8

hours of Lauzier's time at a rate of $150 per hour, or $2,220.00. In connection with preparing and filing this fee petition, plaintiffs additionally request compensation for 3.2 hours of Egan's time at a rate of $325 per hour, or $1,040.00, and 1.3 hours of Lauzier's time at a rate of $150 per hour, or $195.00. Plaintiffs therefore seek a total of $67,837.50 in attorney and legal assistant fees in connection with litigating this action.

A.    **Hours Reasonably Expended**

Defendants have filed no opposition to plaintiffs' motion for attorney fees. Nevertheless, this court is obliged to scrutinize plaintiffs' fee petition independently to determine its reasonableness. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (same).

For the reasons set forth below, I find that the evidence submitted by the parties supports

Page 4 - FINDINGS AND RECOMMENDATION

an award of compensation for 197.1 hours of attorney Egan's time and 13.4 hours of legal

assistant Lauzier's time expended in connection with litigating the merits of this action and 3.2

hours of Egan's time and 1.3 hours of Lauzier's time expended in connection with plaintiffs' fee

petition.

### 1.    Hours Expended in Litigation of the Merits

My review of the time entries submitted in support of plaintiffs' fee petition establishes

that plaintiffs request compensation for one hour of attorney Egan's time and for one hour of

legal assistant Lauzier's time that have not yet been expended.  Plaintiffs are entitled to

compensation for time expended in the furtherance of their claims only.  *See, e.g., Sloman v.*

*Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994) (reasonably expended hours include only those

expended in furtherance of successful claims or of claims closely related to successful claims).

One hour should therefore be deducted from Egan's time and one hour from Lauzier's time for

purposes of the lodestar analysis in connection with merits litigation.

My review further establishes that, other than the foregoing, plaintiffs do not request

compensation for time not expended in furtherance of plaintiffs' claims (as to each of which

plaintiffs were ultimately successful), for excessive expenditures of time, or for redundant or

duplicative expenditures of time.

My review further establishes that attorney Egan has not recorded any time expended in

purely clerical tasks.  However, one of legal assistant Lauzier's time entries reflects time spent

engaged in clearly clerical or secretarial work, namely, "File Complaint" from March 25, 2009.

Costs associated with clerical tasks are typically considered overhead expenses reflected

in an attorney's hourly billing rate, and are not properly reimbursable.  *See Missouri v. Jenkins,*

491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . [the] dollar value [of a clerical task] is not enhanced just because a lawyer does it") (citation omitted).  Time entries reflecting the performance of clerical tasks should therefore be deducted from the totals listed in the fee petition.  *See Frevach Land Co. v. Multnomah County*, No. CV-99-1295-HU, 2001 US Dist LEXIS 22255, *37 (D. Or. December 18, 2001) (inappropriate according to practices "prevailing . . . in this community [*i.e.*, Multnomah County] to bill a client, or to seek fees under a .fee-shifting statute, for purely secretarial tasks").  Because time spent in purely clerical tasks, by whomever performed, is properly excluded from the lodestar calculation, *see Missouri*, 491 U.S. at 288 n.10, Lauzier's time entry of March 25, 2009, totaling 0.4 hours, should be excluded from the lodestar calculation.

Other than the foregoing, I find that the hours for which compensation is requested in connection with litigating the merits of this case were reasonably expended.

### 2.    Hours Expended in Litigation of the Fee Dispute

My review of the time entries submitted in support of plaintiffs' fee petition establishes that the time expended in connection with preparing the fee petition and bill of costs now before the court as to which plaintiffs' request compensation was reasonably expended.

### B.    Reasonable Rate

It is well settled within the Ninth Circuit and in this District that:

The prevailing market rate in the community is indicative of a reasonable hourly rate. . . .  The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

Page 6 - FINDINGS AND RECOMMENDATION

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262-1263 (9th Cir. 1987), *citing Blum v. Stenson*, 465 U.S. 886, 895-897, 895 n. 11 (U.S. 1984).

Plaintiffs request that attorney Egan's time be compensated at an hourly rate of $325 and that legal assistant Lauzier's time be compensated at an hourly rate of $150.

### 1.    Rate for Attorney Egan

In a sworn affidavit, attorney Egan provides evidence that he has 10 years' experience as a plaintiff-side wage and hour litigator, having joined the Oregon State Bar in 2000.  According to his own testimony, Egan has extensive experience in litigating wage and hour issues in Oregon. Egan opines that his requested hourly rate is reasonable, and offers in support of his opinion data from the 2002 Oregon State Bar Economic Survey and the 2007 Oregon Oregon State Bar Economic Survey.  Defendants do not challenge the reasonableness of Egan's requested rate.

According to the 2007 Economic Survey, which provides useful information as to rates actually charged by Oregon attorneys in 2006,[1] the median hourly rate for legal services charged by Portland-area attorneys with 7-9 years of experience was $225 in 2006, with a 25th percentile rate of $200, a 75th percentile rate of $275, and a 95th percentile rate of $360, and the median hourly rate charged by Portland-area attorneys with 10-12 years of experience was $250 in 2006, with a 25th percentile rate of $165, a 75th percentile rate of $290, and a 95th percentile rate of $334.  An appropriate method for adjusting the foregoing rates for inflation in order to estimate the corresponding rates prevalent in the Portland legal community in 2009 and 2010, when this action was litigated, is to multiply the 2006 rates times the consumer price index for urban

---

[1] All hours expended in connection with litigating this action were expended between march 2009 and March 2010.

consumers ("CPI-U") for the years in which the fees were incurred, then dividing the resulting quotients by the CPI-U for 2006. I take judicial notice that the United States Department of Labor's Bureau of Labor Statistics has published a CPI-U for the Western states of 205.7 for 2006, 218.822 for 2009, and of 219.989 for January 2010, 220.179 for February 2010, and 220.809 for March 2010 (or an average of 220.326 for the first three months of 2010). On this method, the estimated median hourly rate for legal services charged by Portland-area attorneys with 7-9 years of experience in 2009 would therefore be $239.35, with an estimated 25th percentile rate of $212.76, an estimated 75th percentile rate of $292.54, and an estimated 95th percentile rate of $382.97, and the estimated median hourly rate for legal services charged by Portland-area attorneys with 10-12 years of experience in the first three months of 2010 would be $267.78, with an estimated 25th percentile rate of $176.73, an estimated 75th percentile rate of $310.62, and an estimated 95th percentile rate of $357.75.

In light of all of the evidence in the record, I find that an hourly rate of $270 will reasonably compensate plaintiffs for Egan's expenditures of time. This amount is in excess of the estimated median hourly rates for attorneys of Egan's experience in both 2009 and 2010, but less than the estimated 75th percentile rates. While Egan's credentials and experience are not in dispute, no significant premium over the estimated median hourly rate for attorneys of his experience is warranted here, given that plaintiffs achieved their judgment against defendants by default, based on defendants' failure to appear.

### 2.    Rate for Legal Assistant Lauzier

Plaintiffs request that legal assistant Lauzier's time be compensated at a rate of $150 per hour. The only evidence in the record offered by any party as to the reasonableness of this

requested rate is the testimony of attorney Egan, who opines that the requested rate is appropriate. Accordingly, I find that Lauzier's time may reasonably be compensated at an hourly rate of $150.

### C.    Calculation and Adjustment of the Lodestar Figure

#### 1.    Fees for Litigation

The product of the 197.1 hours reasonably expended by attorney Egan in connection with litigating the merits of this action and his reasonable hourly rate of $270 is $53,217.00, and the product of the 13.4 hours reasonably expended by legal assistant Lauzier in connection with litigating the merits of this action and her reasonable hourly rate of $150 is $2,010.00. Thus, the lodestar calculation results in a total of $55,227.00 in attorney fees reasonably incurred in connection with litigating the merits of this action.

#### 2.    Fees-on-Fees

The product of the 3.2 hours reasonably expended by attorney Egan in connection with preparing this fee petition and his reasonable hourly rate of $270 is $864.00, and the product of the 1.3 hours reasonably expended by legal assistant Lauzier in connection with preparing this fee petition and her reasonable hourly rate of $150 is 195.00. Thus, the lodestar calculation results in a total of $1,059.00 in attorney and paralegal fees reasonably incurred in connection with preparing plaintiffs' fee petition.

The Ninth Circuit has approved arithmetic reduction of an award of "fees-on-fees" by the ratio of the fees actually awarded in the underlying fee dispute to the amount therein requested. *See, e.g.*, *Thompson v. Gomez*, 45 F.3d 1365, 1366-1368 (9th Cir. 1995). I see no reason to deviate from this reasonable procedure, and find that the lodestar figure for fees-on-fees should

be reduced by the ratio of the lodestar figure calculated for merits litigation fees to the amount of

fees requested in the Institute's fee petition. Here, plaintiffs requested $66,602.50 in total

compensation for attorney and paralegal fees in connection with litigating the merits of this

action, whereas the lodestar calculation yields an appropriate award of $55,227.00, or

approximately 83% of the amount requested. I find, therefore, that the lodestar figure for fees-

on-fees should be reduced to $878.13.

### 3.    Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount. *See*

*Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining

and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and

difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the

attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9)

the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11)

the nature and length of the professional relationship with the client; and (12) awards in similar

cases. *See, e.g., Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors

which are applicable need be addressed. *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069,

1073 (9th Cir. 1983).

It is within the discretion of this court to adjust the lodestar figure either: (1) downward

if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable,

*Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases,

*Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents

Page 10 - FINDINGS AND RECOMMENDATION

a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir.
1987).

The legal issues presented here were relatively straightforward, and defendants failed to
appear, permitting plaintiffs to obtain a judgment against defendants by default. I therefore do
not find that any adjustment of the lodestar figure is warranted. I recommend an award of
attorney and paralegal fees in the lodestar amounts provided above, specifically $55,227.00 and
$878.13, resulting in a total fee award of $56,105.13.

**II.    Costs**

Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to an award of their costs incurred
in litigating this action. *See* 29 U.S.C. § 216(b). Plaintiffs' claim a total of $609.00 in expenses
it characterizes as compensable costs. Defendants do not oppose award of any of the claimed
costs. Scrutiny of the records submitted in support of the fee petition establishes that the claimed
costs were reasonably incurred in connection with litigating this action, and that the claimed
costs are properly compensable. Plaintiffs should therefore be awarded their costs in the amount
of $609.00.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#51) for attorney fees and plaintiffs'
request (#53) for reimbursement of costs should be granted, and defendants ordered to pay
plaintiffs' attorney fees in the amount of $56,105.13, and costs in the amount of $609.00.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,
are due fourteen (14) days from service of the Findings and Recommendation. If no objections

Page 11 - FINDINGS AND RECOMMENDATION

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 28th day of July, 2010.

Honorable Paul Papak
United States Magistrate Judge

Page 12 - FINDINGS AND RECOMMENDATION